## WM. M. COMBS ET AL. *v.* JOHN A. WALLACE.

[Kentucky Law Reporter, Vol. 3—384.]

**Amendment of Pleadings.**

> The civil code authorizes proceedings as well as pleadings to be amended in furtherance of justice.

**Abandonment of Cause.**

> Although a trial did not occur for several years after a motion was made to recover upon a claimant's bond, still, as long as the case was kept upon the docket, it could not be considered abandoned until an order of court was made to that effect.

**Measure of Recovery.**

> · In a proceeding by a plaintiff in execution to recover upon a claimant's bond, he was only entitled to recover the amount at which the property was appraised and ten per cent. thereon, and it was error in the court to render judgment for a greater sum.

APPEAL FROM POWELL CIRCUIT COURT.

November 19, 1881.

OPINION BY JUDGE LEWIS:

This is a proceeding by the plaintiff in execution to recover

upon a claimant's bond. The notice was given and motion made at the March term, 1869, of the circuit court, but the case was not tried until the March term, 1879, when verdict and judgment were rendered for the plaintiff for $225, the property being appraised at the time the bond was given at $175. The court having overruled the motion for a new trial, the defendant in the motion appeals to this court.

The first error complained of is that the court permitted the notice to be amended. The Civil Code expressly authorizes proceedings, as well as pleadings, to be amended in furtherance of justice; and as it does not appear the defendant was either surprised or prejudiced thereby, we can not say the court below abused a sound discretion in permitting the notice to be amended.

The plaintiff in the motion was not required to state in the notice or show upon the trial that he sustained any loss by reason of the execution of the claimant's bond, or that he could not have collected his debt otherwise than by a sale of the property claimed. If the property was subject to his execution when the levy was made, he was entitled to judgment, unless the debt, interest and cost, were shown by the defendant to have been paid off and satisfied previous to the trial.

Although the trial did not occur for several years after the motion was made, still, as long as the case was kept upon the docket, it could not be considered abandoned or discontinued until an order of court was made to that effect.

We perceive no error in the instructions given. Myers' Code (1867), § 716, requires the court to direct a jury empanneled, and such issues tried as it may prescribe, and also direct which party shall be considered plaintiff in the issue. Two issues were submitted to the jury. The first was, in substance, whether the property was subject to the execution, and the second was as to the value of the property. Though the jury did not, in terms, respond to either issue, but rendered only a general verdict in favor of the plaintiff for $225, this would not be a reversible error if the judgment of the court had been for the amount at which the property was appraised, and ten per cent. thereon. But, as the plaintiff in the notices stated he would move for judgment for the sum fixed by the appraisers, and ten per cent. thereon, it was error in the court to render judgment for a greater amount.

For that error the judgment of the court below is *reversed,* and cause remanded with directions to grant a new trial, and for other proceedings consistent with this opinion.

*J. B. White, for appellants.*